UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

COREY BAILEY,

        Plaintiff,

    v.                                   21-CV-180-LJV-LGF
                                                       DECISION & ORDER

CITY OF TONAWANDA POLICE
OFFICER BUTCHER, *et al.*,

        Defendants.

---

On January 31, 2021, the plaintiff, Corey Bailey, commenced this action under 42 U.S.C. § 1983, Docket Item 1, against three City of Tonawanda police officers—Captain Jamin Butcher, Officer Vincent Ostrowski, and Officer John Taggart—as well as one Erie County probation officer, Dawn Szabo, Docket Item 23; *see* Docket Item 52-8. Bailey alleges that the defendants violated his rights under the Fourth and Fourteenth Amendments in connection with an incident on September 13, 2018, when the police officer defendants entered the home where Bailey was staying and arrested him. Docket Item 23. On July 14, 2021, Bailey amended his complaint, *id.*, and on August 12, 2021, the defendants answered the amended complaint, Docket Items 33 and 34.

On March 28, 2022, Taggart moved to dismiss the claims against him on the ground that he was not properly served. Docket Item 52. On April 12, 2022, Bailey responded, Docket Item 55, and on April 19, 2022, Taggart replied, Docket Item 57. On March 3, 2023, this Court heard oral argument. *See* Docket Item 64.

For the following reasons, Taggart's motion to dismiss is granted.

**BACKGROUND**[1]

On May 9, 2021, Bailey filed three proofs of service: one for service on "Officer Butcher," Docket Item 13; one for service on "Officer Ostrowski," Docket Item 13-1; and one for service on "Dawn Szabo," Docket Item 13-2.  Bailey did not file a proof of service for Taggart at that time.

The Butcher and Ostrowski proofs of service declare under penalty of perjury that on March 24, 2021, the process server, Ludwik Malinowski, "served a copy of the summons and complaint on Officer Sheehan, the City of Tonawanda Police Dep[artment's] Records Officer," at those defendants' "place of business"—presumably the City of Tonawanda Police Department.  Docket Items 13 and 13-1; *see also* Docket Item 52-8 (affidavit of Scott Sheehan).[2]  The proofs of service also declare that Malinowski mailed a copy of the summons and complaint to those two officers at their place of business.  Docket Items 13 and 13-1.

On March 28, 2022, Taggart moved to dismiss the claims against him for insufficient service of process, Docket Item 52, and filed an affidavit from Sheehan, Docket Item 52-8.  In the affidavit, Sheehan explained that on March 24, 2021, he "was working in [his] capacity as the Records/Detective Lieutenant when a process server came in to serve several officers": Butcher, Ostrowski, and Taggart.  *Id.*  Sheehan says that he "accepted the complaint and summons[]" for Butcher and Ostrowski.  *Id.*  But he swears that he "refused" to accept service for Taggart because Taggart "no longer

---

[1] The following facts are taken from the parties' filings.

[2] Malinowski is now deceased.  Docket Items 55 and 55-2.

worked for the City of Tonawanda Police Department"; in fact, Sheehan says, Taggert had "resigned his position with the City of Tonawanda effective on January 25, 2019." *Id.*  Sheehan then "delivered" the complaint and summons to Butcher and Ostrowski. *Id.*

After Taggart moved to dismiss, Bailey again filed the proofs of service for Butcher, Docket Item 54-1; Ostrowski, Docket Item 54-2; and Szabo, Docket Item 54-3; he also filed an additional proof of service for Taggart, Docket Item 54, that had not been filed previously.  The Taggart proof of service indicates that Taggart was served at the same time and in the same manner as Butcher and Ostrowski.  *Id.*; *see* Docket Items 54-1 and 54-2.

A few days later, Bailey responded to Taggart's motion to dismiss with an affirmation from his attorney.  Docket Item 55.  Bailey's attorney affirmed that "the [s]ummons and [c]omplaint in this matter was left with [] Sheehan . . . on March 23, 2021";[3] that there "is no notation on the [p]roof of [s]ervice that service was not accepted by [] Sheehan"; and that Malinowski "also mailed a copy of the summons and complaint to [] Taggart, addressing the same to the City of Tonawanda Police Department."  *Id.*  But in his response, Bailey did not dispute the fact that Taggart had resigned from his position at the City of Tonawanda Police Department by the time Malinowski delivered the summons and complaint to Sheehan.  *See id.*[4]

---

[3] The Court assumes that this date, which is different than the date on the proof of service, is a typographical error.

[4] At oral argument, Bailey's attorney conceded that he has no basis to contest the fact that Taggart no longer worked at the City of Tonawanda Police department in March 2021.

In his reply, Taggart concedes that Bailey provided "what appears to be proof of service o[f] his [c]omplaint upon [] Taggart." Docket Item 57 at ¶ 3. But he maintains that Sheehan "sw[ore] under the pains and penalties of perjury that [he] specifically rejected service upon [] Taggart" on March 24, 2021, because Taggart no longer worked for the City of Tonawanda Police Department at that time. *Id.* at ¶¶ 6-7.

## LEGAL STANDARD

When a defendant moves to dismiss for insufficient service of process, "[t]he plaintiff bears the burden of establishing that service was sufficient." *Felton v. Monroe Cmty. Coll.*, 528 F. Supp. 3d 122, 132 (W.D.N.Y. 2021) (citations omitted). A court considering such a motion "must look at matters outside the complaint to determine whether service was adequate." *George v. Pro. Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 442 (S.D.N.Y. 2016) (citation and internal quotation marks omitted).

## DISCUSSION

I.   **SUFFICIENCY OF SERVICE**

Federal Rule of Civil Procedure 4 provides the methods by which a plaintiff may serve a defendant. An individual may be served by (1) "delivering a copy of the summons and of the complaint to the individual personally"; (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process"; or (4) "following state law for serving a summons . . . in the state where the district court is located or where service is

4

made." Fed. R. Civ. P. 4(e).  Here, Bailey relies on the fourth method: service under state law.  See Docket Item 54 (citing New York law); see also Docket Item 55.

New York law authorizes service of process by two methods not included in Federal Rule 4: what are commonly called "substituted service" and "nail-and-mail" service.  See Smith v. Smith, 2020 WL 6334794, at *2 (E.D.N.Y. Oct. 29, 2020).  A plaintiff may effect substituted service "by delivering the summons . . . to a person of suitable age and discretion at the actual place of business, dwelling place[,] or usual place of abode of the person to be served and by [] mailing the summons to the person to be served at his or her last known residence or . . . actual place of business."  N.Y. C.P.L.R. § 308(2).  A plaintiff may effect nail-and-mail service by "affixing the summons to the door of [] the actual place of business, dwelling place[,] or usual place of abode . . . of the person to be served" and mailing the summons to the person to be served "at his or her last known residence or . . . actual place of business."  Id. § 308(4).

Taggart and Bailey—through Sheehan and Malinowski—tell two different stories about what occurred on March 24, 2021.  But Bailey does not dispute the fact that Taggart left his employment with the City of Tonawanda Police Department in January 2019, more than two years before Bailey attempted to serve Taggart there.  See Docket Item 55.[5]  While Bailey asserts that "[t]here is no notation" that Sheehan rejected service on Taggart, see id., leaving a copy of the summons and complaint with Sheehan at the City of Tonawanda Police Department was not an effective way to serve Taggart since that was neither where Taggart lived nor his "actual place of business," see N.Y.

---

[5] In addition to being undisputed, that fact is established by a sworn affidavit. See Docket Items 52-1, 52-8, 55.

5

C.P.L.R. § 308(2).  So regardless of whether Sheehan accepted or rejected the service on Taggart, serving Taggart at the police station was insufficient.

In sum, Bailey did not personally serve Taggart; he did not deliver the summons to a person of suitable age and discretion at Taggart's "dwelling or usual place of abode"; he did not deliver the summons to "an agent authorized . . . to receive service of process" on Taggart's behalf; he did not deliver the summons to a person of suitable age and discretion at Taggart's actual place of business; and he did not "affix[] the summons to the door" of Taggart's actual place of business or dwelling place and mail another copy to him at his residence or workplace.  See Fed. R. Civ. P. 4(e); N.Y. C.P.L.R. § 308.  And because he has not provided any proof to the contrary, Bailey has not carried his burden of demonstrating that service on Taggart was sufficient.  See Felton, 528 F. Supp. 3d at 132.

## II.   APPROPRIATE REMEDY

If a plaintiff "shows good cause" for the failure to serve a defendant, "the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).  In evaluating good cause, a court considers "the plaintiff's reasonable efforts to effect service."  George, 221 F. Supp. 3d at 432-33 (citation omitted).  A "delay in service resulting from the mere inadvertence, neglect, or mistake of a litigant's attorney does not constitute good cause."  Id. at 433 (citation omitted).  "Even in the absence of good cause, however, district courts have discretion to grant extensions of time to effect proper service."  Id.

Bailey neither asks for an extension of time to serve Taggart nor provides a reason why he should be granted one.  See Docket Item 55.  And for more than a year,

Bailey has known that Taggart did not work at the place where he was allegedly served. *See* Docket Item 52-8. Taggart's motion to dismiss for insufficient service of process therefore is granted.[6] *See, e.g., Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007) (affirming dismissal for insufficient service of process when "the dismissal without prejudice in combination with the statute of limitations would result in a dismissal *with* prejudice" (emphasis in original)).

## CONCLUSION

For the reasons stated above, Taggart's motion to dismiss, Docket Item 52, is GRANTED. The Clerk of the Court shall terminate Taggart as a defendant in this action.

SO ORDERED.

Dated:   March 6, 2023
         Buffalo, New York

                                                  */s/ Lawrence J. Vilardo*
                                                  LAWRENCE J. VILARDO
                                                  UNITED STATES DISTRICT JUDGE

---

[6] Bailey's claims against Taggart may well be time barred. *See Holden v. Port Auth. of N.Y. & N.J.*, 521 F. Supp. 3d 415, 433-34 (S.D.N.Y. 2021) ("The [Second Circuit] has concluded that [s]ection 1983 claims based on events that occurred within New York State have 3-year statute[s] of limitations." (citing *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013))). But Bailey is not left without recourse; his claims against the other three defendants remain.